[Cite as *State v. Gaskins*, 2019-Ohio-262.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No.    17CA0077-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BILLY GASKINS | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.    17 CR 0350 |

DECISION AND JOURNAL ENTRY

Dated: January 28, 2019

HENSAL, Judge.

{¶1}    Billy Gaskins appeals his conviction for failure to give notice of change of address in the Medina County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}    In 2006, a jury found Mr. Gaskins guilty of rape. Following his release in 2016, he was approved to live with the father of his then-girlfriend. Several months later, after Mr. Gaskins and his girlfriend had an argument, the father reported to law enforcement that Mr. Gaskins had not actually been living with him. The Grand Jury subsequently indicted Mr. Gaskins for failure to give notice of his change of address under Revised Code Section 2950.05(F)(1). Following a trial to the bench, the trial court found Mr. Gaskins guilty of the offense and sentenced him to four years in prison. Mr. Gaskins has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

APPELLANT'S CONVICTION FOR FAILURE TO GIVE NOTICE OF CHANGE OF ADDRESS WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE IN VIOLATION OF ARTICLE IV, SECTION 3 OF THE OHIO CONSTITUTION.

{¶3} Mr. Gaskins argues that his conviction was not supported by sufficient evidence. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶4} The trial court found Mr. Gaskins guilty of failure to give notice of his change of address under Section 2950.05. That section provides in relevant part that, if an offender is required to register under Section 2950.04, he must provide written notice of a change of address at least 20 days before changing it. R.C. 2950.05(A). Mr. Gaskins argues that the State failed to prove that he was subject to this notification requirement. He notes that his prior conviction occurred under Megan's Law. He argues that, under Megan's Law, sex offender classification did not happen automatically but was a separate process that was not tied to the conviction itself. Because the State only introduced a copy of his prior conviction and not any separate classification proceeding, Mr. Gaskins argues that it failed to prove he was required to register.

{¶5} The sentencing entry that the State introduced indicated that Mr. Gaskins was convicted of rape under Section 2907.02(A)(2) in 2006. The State notes that, at that time, the definition of "[s]exually oriented offense" included violations of Section 2907.02. R.C. 2950.01(D)(1)(a) (2006). It also notes that, under the 2006 version of Section 2950.04(A), anyone who had been convicted of a sexually oriented offense had a duty to register. R.C. 2950.04(A) (2006). Accordingly, contrary to Mr. Gaskins's argument, he was required to register under Section 2950.04 because his rape conviction was a sexually oriented offense. We, therefore, reject Mr. Gaskins's argument.

{¶6} Mr. Gaskins next argues that the State failed to present any evidence that he was notified of the registration requirement. Mr. Gaskins, however, admitted at trial that he knew he was required to register and that he did so after he was released from prison. He also has not provided any authority that proof of proper notification of the registration requirement is an element under Section 2950.05(F)(1). Although he notes that a court that found that a defendant was a sexual predator under Megan's Law was required to put that finding in its judgment of conviction, sexual predators are not the only offenders to be subject to the registration requirements of Section 2950.04. We, therefore, reject Mr. Gaskins's argument.

{¶7} Mr. Gaskins next argues that the State failed to prove that he changed his address. He notes that the father of his former girlfriend testified that Mr. Gaskins never lived with him. The State also argued during closing argument that Mr. Gaskins never lived at the address he registered after being released from prison. According to Mr. Gaskins, he cannot change an address that he never had in the first place.

{¶8} Regarding the State's closing argument, we note that "[i]t is well settled that statements made by counsel in opening statements and closing arguments are not evidence."

*State v. Frazier*, 73 Ohio St.3d 323, 338 (1995). Regarding whether Mr. Gaskins lived with his girlfriend's father, a deputy sheriff testified that Mr. Gaskins registered the address of his girlfriend's father as his residence. Mr. Gaskins testified that he began living at that address following his release from prison. He explained that he came home after the other residents of the house went to bed and left in the morning before they woke up. He also testified that he sometimes slept in a trailer that was outside in the yard instead.

{¶9} Section 2950.05(I) provides that, "[a]s used in this section, * * * 'change in address' includes any circumstance in which the old address for the person in question no longer is accurate * * *." Even assuming that Mr. Gaskins never resided with his girlfriend's father despite registering that address with the sheriff, we conclude that constitutes a change of address for Mr. Gaskins because it is a circumstance under which the address he had registered had become inaccurate. Viewing the evidence presented at trial in a light most favorable to the State, we conclude that it was sufficient to convict Mr. Gaskins of failing to provide notice of his change of address. Mr. Gaskins's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

> APPELLANT'S CONVICTION FOR FAILURE TO GIVE NOTICE OF
> CHANGE OF ADDRESS WAS AGAINST THE MANIFEST WEIGHT OF THE
> EVIDENCE IN VIOLATION OF ARTICLE IV, SECTION 3 OF THE OHIO
> CONSTITUTION.

{¶10} Mr. Gaskins also argues that his conviction is against the manifest weight of the evidence. If a defendant asserts that a conviction is against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all
> reasonable inferences, consider the credibility of witnesses and determine
> whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way
> and created such a manifest miscarriage of justice that the conviction must be
> reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

**{¶11}** According to Mr. Gaskins, the testimony of his girlfriend's father was not credible. He argues that the reason his girlfriend's father never saw him sleep at the residence was because he did not come home until around midnight and left for work by 6:15 a.m. Mr. Gaskins also argues that the testimony of his girlfriend's father was inconsistent, noting that he had previously told Mr. Gaskins' parole officer that Mr. Gaskins was residing at the house. Mr. Gaskins contends that the reason the father's story changed was because Mr. Gaskins began having relationship problems with the father's daughter.

**{¶12}** Mr. Gaskins also argues that the testimony of the law enforcement officials who testified was questionable. Mr. Gaskins notes that, although one deputy testified that he had made three unannounced visits to Mr. Gaskins's residence, the visits were not recorded in the dispatch log like the visits of another deputy. The deputy who allegedly made the three visits also acknowledged that he only made them between 6:00 a.m. to 2:00 p.m. It, therefore, was unremarkable that he did not see Mr. Gaskins at the residence because Mr. Gaskins left for work at 6:15 a.m. and worked until 4:00 p.m. Mr. Gaskins also notes that law enforcement never visited his girlfriend's house. Accordingly, there was no evidence that he was living with her instead. Mr. Gaskins further argues that the testimony of his girlfriend's half-sister was biased and that the half-sister admitted that she had not been at Mr. Gaskins's girlfriend's house in ten years.

{¶13} Mr. Gaskins argues that his own testimony was more credible and was supported by the physical evidence. He notes that there were pictures of a number of his belongings at his registered address, including personal hygiene items. He presented examples of the mail he received at the house, which included bank statements, court correspondence, and medical bills. The father of his former girlfriend also admitted receiving rent payments from him a few times. He also admitted that Mr. Gaskins would help around the house with chores.

{¶14} "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. The trial court "was in the best position to determine the credibility of the witnesses and deal with any discrepancies which existed in the testimony." *State v. Timofeev*, 9th Dist. Summit No. 24222, 2009-Ohio-3007, ¶ 46. Upon review of the record, we cannot say that the trial court lost its way when it found that Mr. Gaskins changed his address without providing adequate notice to the sheriff. Mr. Gaskins's second assignment of error is overruled.

III.

{¶15} Mr. Gaskins's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, P.J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

BRIAN A. SMITH, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.